UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BRUNO,<br><br>               Plaintiff,<br><br>    v.<br><br>COUNTY OF TUOLUMNE, et al.,<br><br>               Defendants. | Case No.  1:25-cv-01967-KES-FJS<br><br>ORDER DENYING MOTION FOR SERVICE BY THE U.S. MARSHAL AND ORDERING PLAINTIFF TO FILE PROOFS OF SERVICE ON THE DOCKET<br><br>(ECF No. 12)<br><br><u>30-DAY DEADLINE</u> |

I.      BACKGROUND

On December 22, 2025, Plaintiff Scott Bruno ("Plaintiff") initiated this action against Defendants County of Tuolumne, Sheriff David Vasquez, Deputy Sorini, Deputy Rawlinson, Deputy Logan, Deputy Atkinson, and Tuolumne County Sheriff's Office (collectively, "Defendants"). (ECF No. 1.)  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and the Americans with Disability Act, as well as claims of negligence, intentional infliction of emotional distress, defamation, and conversion.  (*Id.*)  Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and attorneys' fees and costs. (*Id.*)

1

Plaintiff initially moved to proceed *in forma pauperis* but later paid the filing fee. (ECF Nos. 2, 5.) On February 27, 2026, the Clerk of Court issued summons. (ECF No. 9).

On April 13, 2026, Plaintiff filed a motion requesting the Court direct the United States Marshal to effectuate service of process upon Defendants. (ECF No. 12.) Plaintiff states that he is a United States military veteran with "a total and permanent service-connected combat disability," and that "[d]ue to physical and logistical limitations, coordinating service upon multiple defendants presents a substantial hardship." (*Id.* at 1.) Plaintiff also states that the defendants to be served "include local law enforcement personnel and agencies," that "[r]equiring Plaintiff to arrange service upon these parties presents practical difficulties and potential safety concerns," and "[s]ervice by the United States Marshal would ensure a neutral and orderly process." (*Id.* at 2.) Plaintiff attaches several exhibits that he states show that "Plaintiff has experienced procedural complications in related proceedings," and that "[t]hese circumstances demonstrate that Plaintiff faces challenges in navigating service through local channels and support the need for neutral service through the United States Marshal."[1] (*Id.*)

II.     LEGAL STANDARD

Fed. R. Civ. P. 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." While Plaintiff is proceeding pro se, he is not proceeding *in forma pauperis*, which would entitle Plaintiff to a mechanism for service without cost to the Plaintiff. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

---

[1] Plaintiff's exhibits include a timeline of events in another action (Ex. A to Declaration of Scott Bruno ("Bruno Decl.")), two photographs of email correspondence that Plaintiff characterizes as "Unresponsive County Counsel Logs" (Ex. B to Bruno Decl.), a screenshot of email correspondence that Plaintiff characterizes as "Denial of ADA Access" (Ex. C to Bruno Decl.), a screenshot of a Zoom invitation (Ex. D to Bruno Decl.), a photograph of a Notice of Warrant from Tuolumne County Sheriff's Office, dated March 5, 2026 (Ex. E to Bruno Decl.), a photograph of an envelope from Tuolumne County Sheriff's Office (Ex. F to Bruno Decl.), and a photograph of a Tuolumne County Jail Case Sheet (Ex. G to Bruno Decl.).

III.   DISCUSSION

A. Fed. R. Civ. P. 4(c)(3)

The Court declines to direct the United States Marshal to effectuate service of process upon Defendants at this time.

Some courts apply a "reasonableness" standard in determining whether to appoint the Marshal to effectuate service. *Rose v. Abraham,* No. 1:08-CV-00606-AWI-SMS, 2008 WL 3540542, at *4 (E.D. Cal. Aug. 13, 2008); *Ovalle v. Fresno Bee Newspapers*, No. CV08-6751 PSG (SHX), 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009).

It does not appear that Plaintiff has exhausted reasonable methods of effecting service privately. *Rose*, 2008 WL 3540542, at *4 (finding failure to exhaust reasonable methods of effecting service privately where plaintiff failed to contact a litigation coordinator or otherwise attempted to secure waiver of service pursuant to Fed. R. Civ. P. 4(d)). Plaintiff does not claim to have made any attempts to serve Defendants or otherwise attempted to secure a waiver of service.

Nor has Plaintiff established that law enforcement presence is "necessary or advisable to keep the peace." *Id.* While Plaintiff argues that "[r]equiring Plaintiff to arrange service upon [local law enforcement personnel and agencies] presents practical difficulties and potential safety concerns," and alleges that he experienced "difficult accessing a scheduled hearing despite an approved remote accommodation . . . and [t]iming issues regarding notice of a warrant relative to Plaintiff's voluntary surrender," the Court does not find that such circumstances require the Marshal to effectuate service.

Finally, it does not appear that Plaintiff is currently incarcerated or otherwise detained. *See Felix v. Clendenin*, No. 1:19-CV-01784-AWI-BAM (PC), 2021 WL 9666619 (E.D. Cal. Aug. 26, 2021) (directing service by Marshal where plaintiff is a civil detainee).

Accordingly, the Court declines to order the Marshals to serve Defendants at this time.

B. Fed. R. Civ. P. 4(m)

In addition, the Court observes that the time for Plaintiff to serve Defendants has since elapsed.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint

is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

In addition, the order setting the scheduling conference in this matter provides that "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . . [and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service." (ECF No. 8 at 3.) Plaintiff was referred to Rule 4 of the Federal Rules of Civil Procedure regarding the requirement of timely service of the complaint and warned that "[f]ailure to serve summons and complaint timely may result in the imposition of sanctions, including dismissal of unserved defendants." (*Id.*)

In an attempt to liberally construe *pro se* filings, the Court construes Plaintiff's motion as a request for an extension of time for service. The Court will permit a thirty (30) day extension of time for Plaintiff to serve Defendants. Plaintiff must arrange for service of the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, which provides procedures for service generally and addresses how to serve various categories of defendants. *See generally Robertson v. California Dep't of State Hosps., Sacramento*, No. 1:23-CV-00912-EPG, 2023 WL 4534577, at *2 (E.D. Cal. July 13, 2023).

If Plaintiff intends to pursue service under California state law, as allowed by certain provisions of Rule 4, he is directed to California's Code of Civil Procedure, beginning at § 413.10. This provision and those that follow describe California's procedures for service generally and address how to serve various categories of defendants. *See* Cal. Civ. Proc. Code §§ 413.10, 415.10, 416.50, 415.20; *see also Robertson*, 2023 WL 4534577, at *2.

//

//

//

//

IV.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for service by the U.S. Marshal (ECF No. 12) is DENIED without prejudice; and

2. On or before May 15, 2026, Plaintiff shall serve Defendants and file proof of service on the docket.  Plaintiff is advised that failure to comply with this order may result in the issuance of sanctions, up to and including a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:    **April 14, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

5